HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
ANDRE J. TOWNSEND (Bar No. 310684)
(E-Mail: Andre_Townsend@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
BANI SOLORZANO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BANI SOLORZANO,<br><br>　　　　　Defendant. | Case No. 17-CV-08797-FMO-PJW<br><br>BANI SOLORZANO'S OPPOSITION TO GOVERNMENT'S REQUEST FOR EXTRADITION |

Mr. Bani Solorzano, by and through his attorney of record, Deputy Federal Public Defender Andre J. Townsend, hereby files this opposition to the United States Government's Memorandum of Law in support of Extradition (Dkt. 26).

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　HILARY POTASHNER
　　　　　　　　　　　　　　　　Federal Public Defender

DATED: March 6, 2018　　　　By　/s/ Andre J. Townsend
　　　　　　　　　　　　　　　　ANDRE J. TOWNSEND
　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　Attorney for BANI SOLORZANO

1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .......................................................................................................1

    A.    The Probable Cause Standard ............................................................2

    B.    The Government Cannot Meet Its Burden to Show Probable Cause ...................................................................................................5

III. CONCLUSION ...................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aguilar v. Texas*,
    378 U.S. 108 (1964)...........................................................................................4

*Barapind v. Enomoto*,
    400 F.3d 744 (9th Cir. 2005) ............................................................................5

*Barapind v. Reno*,
    225 F.3d 1100 (9th Cir. 2000) ..........................................................................2

*Caltagirone v. Grant*,
    629 F.2d 739 (2d Cir. 1980) .............................................................................3

*Collins v. Loisel*,
    259 U.S. 309 (1922)...........................................................................................3

*Escobedo v. United States*,
    623 F.2d 1098 (5th 1980) .................................................................................4

*Matter of Extradition of Contreras*,
    800 F. Supp. 1462 (S.D. Tex. 1992).................................................................3

*In re Extradition of Kraiselburd*,
    786 F.2d 1395 (9th Cir. 1986) ..........................................................................5

*In re Extradition of Singh*,
    170 F. Supp. 2d 982 (E.D. Cal. 2001) ..............................................................5

*Factor v. Laubenheimer*,
    290 U.S. 276 (1933)...........................................................................................1

*Fernandez v. Phillips*,
    268 U.S. 311 (1925)...........................................................................................2

*United States v. Fernandez-Morris*,
    99 F. Supp. 2d 1358 (S.D. Fla. 1999) ...............................................................3

*Freedman v. United States*,
    437 F. Supp. 1252 (N.D. Ga. 1977)..................................................................4

*Gill v. Imundi*,
    747 F. Supp. 1028 (S.D.N.Y. 1990) .................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

*Giordenello v. United States*,
   357 U.S. 480 (1958)..................................................................................4

*United States v. Jacobs*,
   176 F. Supp. 877 (N.D. Ohio 1959) ........................................................3

*In re Lehming*,
   951 F. Supp. 505 (D. Del. 1996)..............................................................4

*Mainero v. Gregg*,
   164 F.3d 1199 (9th Cir. 1999) .................................................................5

*Manta v. Chertoff*,
   518 F.3d 1134 (9th Cir. 2008) .................................................................2

*United States v. Molnar*,
   202 F. Supp. 2d 782 (N.D. Ill. 2002).......................................................3

*United States v. Peterka*,
   307 F. Supp. 2d 1344 (M.D. Fla. 2003)...............................................3, 4

*Reis v. United States Marshal*,
   192 F. Supp. 79 (E.D. Pa. 1961)..............................................................4

*Republic of France v. Moghadam*,
   617 F. Supp. 777 (N.D. Cal. 1985)..........................................................4

*United States v. Santos*,
   473 F.Supp. 2d 1030 (C.D. Cal. 2006) ....................................................2

*Shapiro v. Ferrandina*,
   355 F. Supp. 563 (S.D.N.Y. 1973) ..........................................................4

**Federal Statutes**

18 U.S.C. § 3184.............................................................................................1

18 U.S.C. §§ 3184, 3190................................................................................2

United Law........................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Based on the documents attached to the Government's Complaint for Arrest Warrant and Extradition, Mr. Solorzano stipulates, for the purposes of this opposition, to the government's statement of facts as presented in the United States' Extradition Memorandum, but not to the veracity of the of facts alleged. *See* Dkt. 26 at 13. The factual showing presented by the government in the Request for Extradition raises more questions than it does answers. Accordingly, the extradition request must fail because the government cannot meet its burden of showing probable cause.

## II. ARGUMENT

The Court's authority to certify extradition is governed by both statute and treaty. *Factor v. Laubenheimer*, 290 U.S. 276, 287 (1933) ("[N]o branch of the United States government has any authority to surrender an accused to a foreign government except as provided by statute or treaty."). Pursuant to 18 U.S.C. § 3184, a magistrate judge must determine whether "the evidence is sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. In accordance with Article 3 of the Extradition Treaty between the United States and Canada (hereafter Extradition Treaty), the court shall grant extradition request only if the evidence is found sufficient, under the laws of the United States, to justify the committal for trial. *See* Treaty Between the United States of America and Canada, Art. 10.

Before a person can be certified for extradition, the government, on behalf of Canada, must establish the following requirements:

(1) that an extradition treaty between the United States and Canada is in full force and effect and that Mr. Solorzano is the individual sought by Canada;

(2) that the extradition magistrate has jurisdiction over Mr. Solorzano;

(3) that Mr. Solorzano may be extradited on the offenses with which he is charged under the terms of the treaty;

(4) that there is probable cause to believe Mr. Solorzano committed the offenses upon which extradition is sought;

(5) that the United States has submitted the required documents on behalf of the Government of Canada and those documents have been properly authenticated; and

(6) there are not provisions of the treaty which bar the extradition for any of the charges upon which extradition is sought. *See generally Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Manta v. Chertoff*, 518 F.3d 1134, 1140 (9th Cir. 2008); *Barapind v. Reno*, 225 F.3d 1100, 1105 (9th Cir. 2000).

Here, Mr. Solorzano challenges that there is probable cause to believe he committed the offense charged.

**A.  The Probable Cause Standard**

In an extradition proceeding, the government bears the burden of establishing extraditability: the government must show, among other things, that there is competent legal evidence establishing probable cause to believe that the person named in the extradition request committed the charged offenses. *See* 18 U.S.C. §§ 3184, 3190; *United States v. Santos*, 473 F.Supp. 2d 1030, 1038-39 (C.D. Cal. 2006). We are not governed by any probable cause determination by any Canadian official or tribunal. We are governed by the federal probable cause standard, which this Court must apply to the factual showing before it.

The Supreme Court has defined the probable cause standard as requiring that "competent legal evidence" be presented in order to warrant the "reasonable conclusion" that the relator committed the offense for which he is sought, and not simply that he is suspected of having done so. M. Cherif Bassiouni, "International Extradition: United Law and Practice" (5th Ed. 2007), Ch. X, § 4, p. 878 (citing

2

1  *Collins v. Loisel*, 259 U.S. 309, 316 (1922)). Although the probable cause showing is
2  not intended to transform the extradition proceedings into a trial on the merits, it is
3  accepted practice that the evidentiary showing must comport with the probable cause
4  standard as defined and applied in U.S. courts. *See Collins*, 259 U.S. at 316.

5       Probable cause means that sufficient evidence has been presented to the
6  satisfaction of the Court to warrant bringing the relator to trial in accordance with the
7  laws of the Requesting State (here, the United States), not simply that he is suspected
8  of criminality with no basis in fact to support it. Probable cause is evidence sufficient
9  to cause a person of ordinary prudence and caution to conscientiously entertain a
10 reasonable belief that a person has committed the crime. *United States v. Molnar*, 202
11 F. Supp. 2d 782, 786 (N.D. Ill. 2002) (finding no probable cause; denying
12 extradition); *see also United States v. Fernandez-Morris*, 99 F. Supp. 2d 1358, 1365
13 (S.D. Fla. 1999) (affidavit of complainant and summary of proceedings before judge,
14 including the judge's 'findings and sentencing of defendants insufficient to establish
15 probable cause); *Matter of Extradition of Contreras*, 800 F. Supp. 1462, 1469-70
16 (S.D. Tex. 1992) (finding recanted statements obviated finding of probable cause);
17 *United States v. Jacobs*, 176 F. Supp. 877, 879-83 (N.D. Ohio 1959) (affidavits and
18 transcripts of depositions insufficient to establish probable cause).

19      If no evidence of probable cause exists, then the request must be denied. *See*,
20 *e.g.*, *United States v. Peterka*, 307 F. Supp. 2d 1344, 1351 (M.D. Fla. 2003) (finding
21 no probable cause denying extradition); *Caltagirone v. Grant*, 629 F.2d 739 (2d Cir.
22 1980) (same); *Molnar*, 202 F. Supp. 2d at 876 (same); *Fernandez-Morris*, 99 F. Supp.
23 2d at 1365 (same); *Jacobs*, 176 F. Supp. at 879-83 (same).

24      "Probable cause means more than opportunity to commit crime or presence in a
25 particular place. It must be more than surmise or suspicion. There must be some
26 tangible fact or incident which will support a judicial act, something which invokes
27 discrimination of judicial discretion." *Reis v. United States Marshal*, 192 F. Supp. 79,
28

82 (E.D. Pa. 1961) (citations omitted). "In order to determine probable cause, a judge must review the evidence presented and make an independent determination that the accused committed the crimes alleged." *In re Lehming*, 951 F. Supp. 505, 514 (D. Del. 1996). The review is to assure that the magistrate does not "sever merely as a rubber stamp but actually performs a "neutral and detached function." *Aguilar v. Texas*, 378 U.S. 108, 111 (1964).

Conclusory statements do not satisfy the probable cause standard for extradition. *Peterka*, 307 F. Supp. 2d at 1349; *accord In re Lehming*, 951 F. Supp. at 517; *see also Giordenello v. United States*, 357 U.S. 480, 486 (1958) ("The [Magistrate] must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime"). Where the Requesting Nation relies on affidavits in support of its request for extradition, the Court may "go beyond the face of the government's affidavits for purposes of determining [the credibility or reliability" of the affiants. *Gill v. Imundi*, 747 F. Supp. 1028, 1041 (S.D.N.Y. 1990); *see also Escobedo v. United States*, 623 F.2d 1098, 1102 n. 10 (5th 1980) (noting magistrate's role in assessing credibility); *Republic of France v. Moghadam*, 617 F. Supp. 777, 782-84 (N.D. Cal. 1985) (examining motives, facts and circumstances attendant to hearsay statement in extradition proceedings); *Freedman v. United States*, 437 F. Supp. 1252, 1265 (N.D. Ga. 1977) (stating magistrate "should involve himself in a determination as to the reliability of the affidavits presented and not merely blindly believe such statements without regard to the underlying facts upon which the officer believed that the information was reliable"); *Shapiro v. Ferrandina*, 355 F. Supp. 563, 572 (S.D.N.Y. 1973) (noting that "improbability or vagueness of the testimony may destroy the probability of guilt").

In making its probable cause determination, the magistrate judge has broad discretion to admit evidence offered by the relator. *See In re Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986) (admission of evidence is firmly within the extradition magistrate judge's discretion); *Quinn*, 783 F.2d at 781 n. 41 (same). Generally, a person facing extradition can present evidence to "explain away" or "completely obliterate" the requesting government's evidence of probable cause. *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005); *see also Mainero v. Gregg*, 164 F.3d 1199, 1207 n. 7 (9th Cir. 1999), *superseded by statute on other grounds as stated in Cornejo-Barreto v. Seifert*, 218 F.3d 1004, 1009 n. 5 (9th Cir. 2002) ("Generally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing."). In permitting the introduction of explanatory evidence, "the intention is to afford an accused person the opportunity to present reasonably clear cut proof which would be of limited scope and have some reasonable chance of negating a showing of probable cause." *In re Extradition of Singh*, 170 F. Supp. 2d 982, 994 (E.D. Cal. 2001) (quotation and citation omitted).

**B.     The Government Cannot Meet Its Burden to Show Probable Cause**

The government cannot meet its burden to show probable cause here as this evidence is not sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonably belief in the guilt of Mr. Solorzano.

Here, Canada is seeking the extradition of Mr. Solorzano on several violations of the Canadian Criminal Code: sexual interference, invitation to sexual touching, and sexual assault. The extradition request relies on hearsay testimony from several witnesses who are related the complaining witness. Collectively, the witnesses alleged that Mr. Solorzano engaged in sexual misconduct with a young

lady under 16 years old. The allegations were made nine months[1] after the alleged assault, and they were not supported by forensic or otherwise medical evidence. Moreover, while the extradition request alleges that Mr. Solorzano admitted to the offense, the admission was not recorded nor captured in video or audio form. The allegations are questionable and insufficient to establish probable cause.

### III.  CONCLUSION

For the foregoing reasons, the Request for Extradition must be denied.

HILARY POTASHNER
Federal Public Defender

DATED: March 6, 2018          By  */s/ Andre J. Townsend*
ANDRE J. TOWNSEND
Deputy Federal Public Defender
Attorney for BANI SOLORZANO

---

[1] While the witnesses allege that the offense occurred in June 2010, the witnesses failed to report the offense until March 2011.