NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721
    Facsimile: (213) 894-0141
    E-mail:    John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 17-8797 FMO (PJW) |
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS REQUEST FOR EXTRADITION; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| BANI SOLORZANO, | |
| A Fugitive from the Government of Canada. | Hearing Date: March 14, 2018<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Honorable Patrick J. Walsh |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney John J. Lulejian,

hereby files its Reply in Support of its Request for Extradition of

fugitive BANI SOLORZANO (Docket No. 24).

\\

\\

\\

\\

1    This Reply in Support of its Request for Extradition is based

2    upon the attached memorandum of points and authorities and

3    declaration, the files and records in this case, and such further

4    evidence and argument as the Court may permit.

5    Dated: March 7, 2018        Respectfully submitted,

6                                     NICOLA T. HANNA
United States Attorney

7

8                                   LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

9

10                                 */s/ John J. Lulejian*

11                                 JOHN J. LULEJIAN
Assistant United States Attorney

12                                 Attorneys for Plaintiff
UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.   INTRODUCTION**

3       The United States replies to the Opposition Brief to

4  Government's Request for Extradition of fugitive BANI SOLORZANO ("the

5  fugitive") (Docket No. 33).  The fugitive, who is wanted in the

6  Canada to stand trial for the crimes of (1) Sexual Interference, in

7  violation of section 151 of the Criminal Code of Canada ("CCC");

8  (2) Invitation to Sexual Touching, in violation of section 152 of the

9  CCC; and (3) Sexual Assault, in violation of section 271 of the CCC,

10 contends that this Court should refuse to certify him for extradition

11 because there is insufficient probable cause to support a finding

12 that he committed the charged crimes.  (See id. at 5.)

13 Notwithstanding the evidence presented against him by the Canadian

14 government, he claims that (a) the extradition request relies on

15 hearsay testimony; (b) the allegations that the fugitive sexually

16 assaulted and abused his underage cousin were made nine months after

17 the events; (c) the lack of forensic and medical evidence do not

18 support the evidence that he sexually assaulted and abused the

19 victim; and (d) the fugitive's confession was not recorded.  (See id.

20 at 9-10.)  Yet none of these proffered assertions undermine a finding

21 of probable cause.  As such, the fugitive's claims must fail.

22       Notably, the fugitive does not contest any of the other elements

23 required for this Court to certify him as extraditable, namely,

24 (1) whether the court has jurisdiction to conduct the proceeding;

25 (2) whether the court has jurisdiction over the fugitive; (3) whether

26 the extradition treaty is in full force and effect; and (4) whether

27 the crime falls within the terms of the treaty.  (Docket No. 26

28

at 8.)  As such, the United States will not address these factors again in its reply.

For the reasons set forth below and in its Extradition Memorandum (Docket No. 26), the United States respectfully requests that this Court certify fugitive as extraditable to Canada on the charges of Sexual Interference, Invitation to Sexual Touching, and Sexual Assault.

## II.  ARGUMENT

### A.   Legal Standard for Probable Cause in Extradition Cases

The procedural framework for extradition proceedings is unique, dissimilar from federal criminal proceedings, and animated by compelling policy considerations.  See Prasoprat v. Benov, 421 F.3d 1009, 1012 (9th Cir. 2005) (discussing division of responsibility between judicial officer and Executive); United States v. Lui Kin-Hong, 110 F.3d 103, 109-11 (1st Cir. 1997) (discussing "bifurcated procedure" in extradition proceedings involving court and Executive, and broader authority of Secretary of State to set conditions on or to deny extradition).  The extradition magistrate need only evaluate the requesting state's evidence to determine whether there is probable cause to believe that the fugitive committed the offense or offenses for which extradition is sought.  See Ornelas v. Ruiz, 161 U.S. 502, 512 (1896).  "The magistrate does not weigh conflicting evidence and make factual determinations but, rather, determines only whether there is competent evidence to support the belief that the accused has committed the charged offense." Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1986).  The extradition magistrate, however, is not authorized to determine whether the evidence is sufficient to justify conviction, as that determination will be made by the foreign

2

court that handles the case.  See Collins v. Loisel, 259 U.S. 309, 316 (1922); Quinn, 783 F.2d at 815; Valencia v. Limbs, 655 F.2d 195, 198 (9th Cir. 1981).

A magistrate judge's probable cause finding will be upheld in the extradition context when "there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty."  Mirchandani v. United States, 836 F.2d 1223, 1226 (9th Cir. 1988); see United States ex rel. Sakaguchi v. Kaulukukui, 520 F.2d 726, 730-31 (9th Cir. 1975).  In extradition hearings, "competent evidence" is generally any evidence that has been certified in accordance with 18 U.S.C. § 3190 or the relevant extradition treaty.  See Manta v. Chertoff, 518 F.3d 1134, 1146 (9th Cir. 2008); Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1406 (9th Cir. 1988); Emami v. U.S. Dist. Court for N. Dist., 834 F.2d 1444, 1451 (9th Cir. 1987).  The form of the evidence is not relevant, because extradition is proper where the standard is met if the proof "is presented[], even in somewhat untechnical form according to our ideas."  Glucksman v. Henkel, 221 U.S. 508, 512 (1911).

**B.   The Court May, and Should, Consider Statements of the Victim and Witnesses that Constitute Hearsay**

The fugitive's claims that probable cause may not be based on hearsay in this case has been soundly rejected by the courts. Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Evidence apply to extradition proceedings.  See Fed. R. Crim. P. 1(a)(5) ("Proceedings not governed by these rules include . . . the extradition and rendition of a fugitive . . . ."); Fed. R. Evid. 1101(d)(3) ("These rules—except for those on privilege—do not apply to the following . . . miscellaneous proceedings such as . . .

extraction or rendition . . . .").  Thus, in an extradition

proceedings, unlike in a criminal trial, hearsay is permitted.  See

Collins, 259 U.S. at 317; Mainero v. Gregg, 164 F.3d 1199, 1206 (9th

Cir. 1999) ("it is well settled in this circuit that evidence [in an

extradition proceeding] is not incompetent simply because it is

hearsay"), superseded by statute on other grounds, Pub. L. No. 105-

277, § 2242, 1999 U.S.C.C.A.N. (112 Stat. 2681); Emami, 834 F.2d at

1451 ("In the Ninth Circuit it has been repeatedly held that hearsay

evidence that would be inadmissible for other purposes is admissible

in extradition").  In fact, "[a] determination of probable cause in

an extradition proceeding may rest entirely upon hearsay."  In re

Ryan, 360 F. Supp. 270, 273 (E.D.N.Y. 1973), aff'd sub nom. In re

Christensen, 478 F.2d 1392 (2d Cir. 1973).  Documents offered in

evidence at an extradition hearing are admissible if they are

certified by the principal diplomatic or consular officer of the

United States resident in the country requesting extradition,

18 U.S.C. § 3190, which is the case here.  See In re Extradition of

Luna-Ruiz, Case No. CV 13-5059 VAP (AJW), 2014 WL 1089134, *4 (C.D.

Cal. Mar. 19, 2014) ("The extradition judge may consider hearsay

evidence, unsigned translations of a witness's statements, unsworn

statements of absent witnesses, and summaries by the police or

prosecutor of a witness's testimony or statement, provided that those

documents are properly authenticated . . . .").

     Moreover, calling live witnesses is not contemplated at

extradition proceedings.  See Mainero, 164 F.3d at 1207 (internal

quotations and citation omitted).  This is because "the very purpose

of extradition treaties is to obviate the necessity of confronting

the accused with the witnesses against him."  Id.  Thus, "[b]arring

4

1    hearsay from extradition proceedings would thwart one of the

2    objectives of bilateral extradition treaties." <u>Quinn</u>, 783 F.2d at

3    815-16.

4         In the case at hand, Canada has provided ample evidence to

5    establish probable cause.  This evidence includes the victim's mother

6    statements to the police about how she learned that her nephew had

7    sexually abused and assaulted her daughter, and that when she

8    confronted the fugitive about the illicit sexual activity with the

9    victim, he stated, "I messed up again." (<u>See</u> Docket Nos. 21 at 71-

10   72; 33 at 13-14.)  The evidence also includes the victim statements

11   to the police, in which she identifies the fugitive from his

12   Instagram photograph and describes how he repeatedly sexually abused

13   her, that he made her masturbate him, and that he raped her.  (<u>See</u>

14   Docket Nos. 21 at 72, 74-76; 33 at 14, 16.)  The Canadian authorities

15   also have provided the statements of the victim's brother, who

16   related to the police how the fugitive confessed to raping his 11-

17   year old cousin (the victim).  (<u>See</u> Docket Nos. 21 at 73; 33 at 14-

18   15.)  Also included in the evidence was a statement from a physician

19   who conducted a medication examination of the victim and did not rule

20   out sexual abuse.  (<u>See</u> Docket Nos. 21 at 73; 33 at 15-16.)  Finally,

21   the evidence includes an e-mail that the fugitive sent to his family

22   in which he acknowledged the painful effect that his actions had on

23   the victim and her family.  (<u>See</u> Docket Nos. 21 at 73; 33 at 15.)

24        This evidence, although it is hearsay upon which the Court may

25   rely, establishes probable cause for purposes of certifying the

26   fugitive as extraditable.

27

28

1        **C.    The Fugitive's Other Evidentiary Challenges Do Not**

2             **Undermine a Finding of Probable Cause**

3      In his opposition, the fugitive questions the length of time

4 between the charged events and when the victim and witnesses reported

5 his criminal conduct to the police. (See Docket No. 33 at 6.) He

6 also suggests bias because these statements were made by relatives of

7 the victim. (See id. at 5.) He further claims that the charges are

8 not supported by "forensic or otherwise medical evidence." (Id.)

9 And finally, takes umbrage of the fact that his admissions of rape to

10 the victim's mother and brother were not recorded. (See id.) None

11 of these assertions are availing.

12      What the fugitive hopes to accomplish by challenging this

13 selective evidence is improperly to "convert the extradition into a

14 full-scale trial, which it is not to be." Eain v. Wilkes, 641 F.2d

15 504, 511 (7th Cir. 1981). This Court should not consider bias,

16 evaluate the victim and witnesses' demeanor, or evaluate the medical

17 examination. Nor should the Court weigh conflicting evidence and

18 determine what to credit, "but, rather, determine[] only whether

19 there is competent evidence to support the belief that the accused

20 has committed the charged offense." Quinn, 783 F.2d at 815.

21      Even if the Court were to examine the evidence in the manner

22 suggested by the fugitive, it still may find probable cause. In the

23 evidence presented by Canada, the victim's mother explains that she

24 delayed reporting the fugitive's criminal conduct to the police

25 because she was afraid that Child Services would take away her

26 children. (See Docket Nos. 21 at 72; 33 at 14.) When she learned

27 that her assumption was wrong, she reported the incidents to the

28 police. (See Docket Nos. 21 at 72; 33 at 14.)

1    With respect to the claim that there is no "forensic or other

2    medical evidence," the United States notes that, as an initial

3    matter, there is nothing to suggest that such evidence is required to

4    support a finding of probable cause.  Moreover, it is highly

5    improbable that law enforcement could conduct forensic examination

6    nine months after the commission of the crimes, as there would be no

7    evidence of the fugitive's hair, semen, or DNA.  Further, although

8    the medical examination was normal and showed 'no evidence of

9    previous penetrating trauma,'" the examining pediatrician, "expressed

10   the opinion that a normal examination is not inconsistent with sexual

11   abuse."  (See Docket Nos. 21 at 73; 33 at 15.)

12   Finally, common sense defies that the victim's mother and

13   brother would have recorded the fugitive's spontaneous admissions of

14   guilt.  Further, the lack of recorded confessions does not make the

15   statements of the victim's mother and brother less truthful.  See

16   Santos v. Thomas, 830 F.3d 987, 1047 n.20 (9th Cir. 2016) (Callahan,

17   J. dissenting) ("Several courts have concluded that evidence

18   proffered by the extraditing state should be deemed truthful by the

19   extradition judge when assessing probable cause."); In re Extradition

20   of Cheung, 968 F. Supp. 791, 794 n.6 (D. Conn. 1997) ("[T]he court

21   must accept as true all of the statement and offers of proof by the

22   demanding state, even if they contain hearsay.") (internal quotation

23   and citation omitted).  Moreover, the fugitive's e-mail to his family

24   corroborates the fact that he admitted to sexually assaulting and

25   abusing the minor victim.  (See Docket Nos. 21 at 73; 33 at 15.)  In

26   that e-mail, the fugitive affirmatively states, "[M]y father just

27   told me this morning about you informing the whole family about the

28   incident that happen [sic] last year. . . .  I know I probably

7

1   deserve it . . .   Not a day goes by that I don't think about the pain

2   I caused you so deeply . . . ."   (Docket Nos. 21 at 73; 33 at 15.)

3   Moreover, nowhere in that e-mail does the fugitive deny that he

4   harmed the victim by sexually assaulting and abusing her.

5          Accordingly, the fugitive's evidentiary challenges to probable

6   cause must fail.

7   **III. CONCLUSION**

8          For the foregoing reasons, the United States respectfully

9   requests that this Court certify fugitive BANI SOLORZANO's

10  extraditability to Canada on the charges of Sexual Interference,

11  Invitation to Sexual Touching, and Sexual Assault.

12

13   Dated: March 7, 2018              Respectfully submitted,

14                                     NICOLA T. HANNA
                                       United States Attorney
15
                                       LAWRENCE S. MIDDLETON
16                                     Assistant United States Attorney
                                       Chief, Criminal Division
17

18                                     */s/ John J. Lulejian*
                                       JOHN J. LULEJIAN
19                                     Assistant United States Attorney

20                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
21

22

23

24

25

26

27

28